UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEYAWN WASHINGTON,<br><br>                  Plaintiff,<br>v.<br>STATE OF NEVADA, et al.,<br><br>                  Defendants. | Case No. 2:18-cv-00809-GMN-PAL<br><br>**ORDER**<br><br>(IFP App. – ECF No. 1) |

       This matter is before the court on Plaintiff Deyawn Washington Application to Proceed *In Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

       Mr. Washington is a prisoner in the custody of the Nevada Department of Corrections at the High Desert State Prison. He proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. Washington has also requested permission to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fee.

       Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in a federal district court. The court may authorize a prisoner to begin an action without prepaying the filing fee if the prisoner submits an IFP application on the court's form along with the required supporting documentation. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.[1] In general, when a district court grants a prisoner IFP status, federal law states that "the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1). Prisoners must pay an initial partial filing fee of the greater of 20 percent (20%) of

---

[1] The $400 filing fee consists of a $350 base fee and a $50 administrative fee. Pursuant to the court's Schedule of Fees, the $50 administrative fee does not apply to prisoners granted IFP status under 28 U.S.C. § 1915. Thus, prisoners granted IFP status are only required to pay the $350 base fee.

1

the average monthly deposits or 20 percent (20%) of the average monthly balance of his account for the six months immediately preceding the start of this action. *Id*. A prisoner's failure to pay the initial partial filing fee before the deadline stated in the court's order, which typically allow 30 days, is "cause for dismissal of the case." LSR 1-3(c). After the initial partial filing fee is paid, the facility having custody of the prisoner will forward payments from the prisoner's account each month. 28 U.S.C. § 1915(b)(2).

Here, Mr. Washington has requested authority to proceed IFP; however, his IFP Application is incomplete. The Local Rules and § 1915 specifically require three items be submitted to this court with a prisoner's IFP application: (1) a financial certificate signed by an authorized prison official,[2] (2) a copy of the prisoner's trust account statement for the six-month period prior to filing,[3] and (3) a financial affidavit and acknowledgement signed by the prisoner showing an inability to prepay fees and costs or give security for them.[4] Additionally, LSR 1-1 states that a prisoner's IFP "application must be made on the form provided by the court." *Id*. Mr. Washington submitted the required affidavit and acknowledgement on the form provided by this court, but he did not include a certified copy of his inmate trust account statement or the correct

---

[2] LSR 1-2 provides:
> An application to proceed *in forma pauperis* received from an incarcerated or institutionalized person shall be accompanied by a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six (6) months preceding the submission of the application. If the applicant has been at the institution for less than six (6) months, the certificate shall show the account's activity for such period.

[3] 28 U.S.C. § 1915(a)(2) states:
> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), *shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint* or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

(emphasis added). *See also* LSR 1-2.

[4] 28 U.S.C. § 1915(a)(1) states:
> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

*See also* LSR 1-1.

financial certificate. The prisoner IFP application required in this federal district court differs from the application used in Nevada state courts. It appears that he submitted the financial certificate provided by the Nevada state courts, which does not contain the appropriate financial information regarding an inmate's current account balance, average account balance, average monthly deposits, and the resulting filing fee as required by § 1915(a). Thus, prisoners must submit the correct form for this court's review. Although he may qualify to proceed IFP, the court cannot determine the amount of the initial partial filing fee because Mr. Washington has not submitted the certified trust fund account statement and the correct financial certificate signed by an authorized prison official. Therefore, the court will deny Mr. Washington's IFP Application without prejudice.

In addition, the court notes that it is required to conduct a preliminary screening in any case in which a prisoner is granted IFP status or seeks damages from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §§ 1915(e)(2), 1915A(a); *Jones v. Bock*, 549 U.S. 199, 213–14 (2007) (screening is required before allowing an IFP complaint to move forward, issuing summonses, or requiring a responsive pleading); *see also* LSR 1-3(e) (stating that IFP applicants in civil rights actions "must pay the full partial filing fee before the court will order service of process"). In its screening, the court identifies any plausible claims and dismisses any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e; 28 U.S.C. § 1915A(b). Mr. Washington is therefore advised that even if this action is dismissed, he must still pay the $350 base filing fee pursuant to § 1915(b) and the monthly payments will continue from his inmate account until the balance is paid. *See Washington v. L.A. County Sheriff's Dep't*, 833 F.3d 1048, 1051–52 (9th Cir. 2016).

Mr. Washington's complaint attempts to state a claim against defendants, for violating his due process and equal protection rights for failing to bring him to trial in his state criminal proceeding within 60 days. He claims he did not waive his right to trial within 60 days, that his trial was set 95 days from his initial arraignment and as a result there was a delay in getting the case formally dismissed. This delay "caused a snowball effect" and kept him in custody on a

parole violation longer because he could not get to the Parole Board to have his parole reinstated. Mr. Washington is advised that federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). It is unclear whether Washington has any pending criminal case, or whether he is incarcerated as a result of a prior conviction and parole violation. When a prisoner files a civil rights action, the *Younger* abstention doctrine generally prevents federal courts from interfering in pending state criminal proceedings, even if there is an allegation of a constitutional violation. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).[5]

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Deyawn Washington's Application to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED WITHOUT PREJUDICE.
2. The Clerk of Court shall RETAIN the Complaint (ECF No. 1-1), but **SHALL NOT** issue summons.
3. The Clerk of Court shall MAIL Mr. Washington a blank IFP application for incarcerated litigants along with instructions for completing the application.
4. Mr. Washington must file a completed IFP application on or before **June 22, 2018**, and must include: (i) a financial certificate signed by an authorized prison official and Mr. Washington, (ii) a financial affidavit and acknowledgement signed by Mr. Washington, and (iii) a statement of his inmate trust account for the six-month period prior to filing.
5. Alternatively, Mr. Washington shall pay the $400 filing fee, accompanied by a copy of this Order, on or before **June 22, 2018**.
6. Mr. Washington's failure to comply with this Order by (a) submitting a completed IFP application with the required documents, or (b) paying the filing fee before the **June**

---

[5] *See also Sprint Commc'ns, Inc. v. Jacobs*, --- U.S. ----, 134 S. Ct. 584, 588 (2013) ("federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding") (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (en banc) (finding that *Younger* applies to damages claims as well as claims for injunctive or declaratory relief).

**20, 2018** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 23rd day of May, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE